**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION**

CASE NO.: 1:21-cv-61974-XXXX

RAUL MANALAYSAY,

    Plaintiff,

v.

ACTAVIS LABORATORIES, FL, INC.,
f/k/a WATSON LABORATORIES, INC.,
    A Florida corporation,

    Defendant.

_____/

## **COMPLAINT**

Plaintiff, Raul Manalaysay ("Manalaysay"), files his Complaint and sues Defendant, Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc. ("Actavis") for violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act and alleges as follows:

1. This is an action for damages relating to, *inter alia*, the unlawful termination of Plaintiff by Defendant.

2. Manalaysay is a resident of Broward County, Florida and is over the age of eighteen and otherwise, *sui juris*.

3. Defendant Actavis is a Florida corporation, in good standing, and operating and with its principal offices in Broward County, Florida.

4. Venue is proper in the Southern District of Florida as this is the district in which Defendant resides and where the conduct complained of herein occurred.

## **GENERAL ALLEGATIONS**

5. Plaintiff Manalaysay began his career with Actavis over 15 years ago as a forklift driver and eventually became a Material Handler II prior to his unlawful termination.

6. Actavis is a subsidiary of and carries out business operations for Teva Pharmaceuticals USA, Inc. ("Teva").

7. As his title suggests, Manalaysay conducted operations within Actavis's warehouses to move and maintain pharmaceutical materials.

8. As part of Plaintiff's duties while employed by Actavis, he was required to move pharmaceutical materials using heavy lifting equipment like forklifts, maintained detailed inventory lists to determine the accuracy of orders, and was required to ensure the cleanliness of the warehouse.

9. During his tenure with Actavis, Manalaysay performed to his fullest potential, and as such was able to move through various positions prior to his termination. He was recognized for his work ethic and was rewarded with promotions, higher wages, and greater responsibility.

10. Starting in late 2019, Actavis began reducing its workforce by terminating approximately 50 employees that were over the age of 40 years old and replacing them with younger lower-paid employees.

11. Plaintiff was treated less favorably by Actavis and its management because of his age. Actavis consistently failed to treat similarly situated employees under the same standards applied to Plaintiff.

12. During his years at Actavis, Plaintiff was never provided a job performance warning. He was in all respects an exemplary employee.

13. On June 22, 2020, Manalaysay was scheduled to begin a hazmat certification training where he was asked whether he had any symptoms of COVID-19. Manalaysay had not had any symptoms and, to the best of his knowledge at the time he was asked, had not interacted with anyone COVID-19 positive.

14. On June 24, 2020, Manalaysay began to feel ill and requested to go home from work and the training he was attending.

15. On June 25, 2020, Manalaysay decided to get tested for COVID-19.

16. On June 30, 2020, Manalaysay's test results reflected that he was positive for COVID-19 and he informed Actavis of the results of his test.

17. On July 28, 2020, Manalaysay received his second negative COVID-19 test and was cleared to return to work.

18. On July 29, 2020, Manalaysay was terminated by Actavis at the age of 58. He was told that his termination was due his attendance at work while he was COVID-19 positive.

19. Actavis claimed that Manalaysay was aware of his positive COVID-19 status and remained at a scheduled training function despite his positive status.

20. At the time, there had been many other employees who tested positive for COVID-19 and were not terminated. Manalaysay was the only employee of Actavis in the warehouse where he worked who was terminated for the alleged basis.

21. Actavis's termination of Plaintiff was pre-textual and directly related to his age, which was a motivating factor for Actavis's employment decision.

22. Actavis's employment policies also continue to have a negative impact on job applicants over the age of 40 as upon information and belief; Actavis has not considered for employment any individual over this age since the date of my termination.

## COUNT I - AGE DISCRIMINATION
(29 U.S.C. 631 *et seq*.)

23.     Plaintiff re-alleges paragraphs 1 through 22 as stated herein.

24.     This action is brought for violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, 29 U.S.C. 631 *et seq*. ("ADEA").

25.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and has a received a notice of Right to Sue Letter. *See* Notice of Right to Sue attached hereto as **Exhibit "A"**.

26.     At all material times, Plaintiff was an "employee" and a member of a protected group within the meaning of the ADEA.

27.     At all material times, Defendant was an "employer" within the meaning of the ADEA.

28.     At all material times, Plaintiff was qualified to perform duties of his position with Defendant.

29.     During 2020, Plaintiff's employment was terminated because of his age and received disparate treatment from other employees in the same position.

30.     As a result of Defendant's wrongful termination, Plaintiff has been damaged.

31.     All conditions precedent to bringing this lawsuit have been performed, waived or excused.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant and award Plaintiff damages for front-pay, back-pay, liquidated damages, his attorneys' fees, and grant such other and further relief as this Court deems just and proper.

## COUNT II - AGE DISCRIMINATION
FLA. STAT. §760.01 *et seq*.

32. Plaintiff re-alleges and restates paragraphs 1 through 22 as is fully stated herein.

33. This action is brought for violations of the Florida Civil Rights Act ("FCRA").

34. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations and has a received a notice of Right to Sue Letter. *See* Notice of Right to Sue attached hereto as **Exhibit "A"**.

35. At all material times, Plaintiff was a member of a protected group within the meaning of the FCRA.

36. At all material times, Defendant was an "employer" within the meaning of the FCRA.

37. At all material times, Plaintiff was qualified to perform duties as a Materials Handler II for the Defendant.

38. During 2020, Plaintiff was terminated under pre-textual conditions and was treated differently than other younger employees.

39. As a result of Defendant's wrongful termination, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant and award Plaintiff damages for front-pay, back-pay, compensatory damages and punitive damages and grant any further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all causes of action and issues triable as such.

Dated:  September 20,  2021

Respectfully submitted,

ANNESSER ARMENTEROS, PLLC
*Counsel for Plaintiff*
2525 Ponce De Leon Blvd, Suite 625
Coral Gables, FL  33134
(786) 600-7446   Telephone
(786) 607-3022   Facsimile
miguel@aa-firm.com
rboyle@aa-firm.com
natali@aa-firm.com
service@aa-firm.com

By: */s/ Miguel Armenteros*
      Miguel Armenteros, Esq.
      Fla. Bar No. 14929